UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CHRIS WRIGHT**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, <br><br> Defendant. | Civil Action No. 18-687 (TSC) |

## MEMORANDUM OPINION

Plaintiff Chris Wright, proceeding *pro se*, sued the Federal Bureau of Investigation ("FBI"), seeking to compel disclosure of records responsive to his Freedom of Information Act ("FOIA") request. Defendant moves for summary judgment on the sole remaining issue in this case. Def.'s Renewed Mot. for Summ. J., ECF No. 55 ("Renewed MSJ"). For the reasons set forth below, the court will GRANT Defendant's motion.

### I.   BACKGROUND

This is the second round of summary judgment briefing in this case. The court set forth the relevant factual background in its prior opinion, so will not repeat it in detail here. *Wright v. Fed. Bureau of Investigation*, No. 18-cv-0687, 2023 WL 6121872 (D.D.C. Sept. 19, 2023) (ECF No. 53). In 2018, Plaintiff submitted a FOIA request to the FBI, seeking records related to fifteen different topics, or "items." *Id.* at *2. Defendant conducted searches for eleven of those items, finding and producing records related to eight of them. *Id.* at *3. Defendant determined that the remaining four items "did not contain enough descriptive information to permit a search of FBI records." *Id.*

The court granted Defendant's prior motion for summary judgment in every respect but one: "the adequacy of Defendant's search for item 14." *Id.* at *9.

> Item 14 requested all records discussing mosques as six distinct categories: a) seats of government of Islam, b) arsenals to store weapons and ammunition, c) repositories to store food and water, d) fortresses or built with fortified construction, e) providing military style training, and f) potentially being used for armed insurrection against the U.S. government.

*Id.* at *6 (formatting modified). Originally, "the FBI searched for the word 'mosque' on Sentinel"—the Bureau's electronic case management system—"but the search results contained over one million hits, covering a multitude of subject matters." *Id.* (internal quotations omitted). Plaintiff argued that "Defendant could refine its search by using keywords and Boolean operators (e.g., 'mosque' + 'arsenal' or 'weapons')." *Id.* (internal quotations omitted). The court concluded that it was "at least possible that using the 'and' operator could have significantly reduced the number of hits in a Sentinel search." *Id.*

Accordingly, the court ordered Defendant to either explain "why a search using the Boolean operator 'and' to link the word "mosque" with keywords from item 14's subparts is not possible," or to carry out such a search and submit

> a declaration averring that (1) the search produced no responsive records, (2) the search produced responsive records and they have been produced to Plaintiff or withheld as exempt, or (3) the search returned so many hits that it would be unduly burdensome to review them all (with details on the number of hits and the estimated time it would take to review them).

*Id.* at *7. Defendant has taken the latter path and sought summary judgment on this final pending issue. Renewed MSJ at 2–3.

## II.     LEGAL STANDARD

In FOIA litigation, as in all civil cases, summary judgment is appropriate only when the pleadings and declarations demonstrate that there is no genuine issue of material fact, and the

moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). The Act requires federal agencies to comply with requests to make their records available to the public unless such "information is exempted under [one of nine] clearly delineated statutory [exemptions]." *Id*. (citation omitted); *see also* 5 U.S.C. § 552(a)–(b).

In reviewing a motion for summary judgment under FOIA, the court must view the facts in the light most favorable to the requester. *See Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Summary judgment in FOIA cases may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and nonconclusory." *SafeCard Servs., Inc. v. U.S. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted). These declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id*. (internal quotations and citation omitted). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld . . . records." *Span v. U.S. Dep't of Just.*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

### III.   DISCUSSION

Defendant has complied with the court's prior order and demonstrated that a search for item 14 of Plaintiff's FOIA request would be unduly burdensome. The D.C. Circuit has repeatedly emphasized that because "FOIA imposes obligations on agencies to disclose records

for requests that 'reasonably describe[ ] such records[,]' . . . agencies 'need not honor a request that requires an unreasonably burdensome search.'" *Nat'l Sec. Couns. v. Cent. Intel. Agency*, 969 F.3d 406, 410 (D.C. Cir. 2020) (first quoting 5 U.S.C. § 552(a)(3)(A), then quoting *Am. Fed'n of Gov't Emps., Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990)).

Defendant's declarant adequately explained why a Sentinel search for item 14, even using Boolean operators to the link the item's keywords, would yield too many records to reasonably review for responsiveness. The declaration reports that Sentinel functionality allows for searches combining multiple keywords with Boolean operators. Fourth Decl. of Michael G. Seidel ¶ 5, ECF No. 55-1. But even those refined searches turned up enormous numbers of "serials"—the colloquial term for "[d]ocuments or sets of documents contained in an FBI file [and] serialized sequentially . . . for an investigative or administrative purpose." *Id.* ¶ 5 & n.1. Indeed, the "combined total for the serials identified while using the Boolean operators, which is 1,854,315, is higher than the number of serials identified only searching the term 'mosque' because it's possible for the same document to hit repeatedly across several of the search queries." *Id.* ¶ 5 & n.2.

Moreover, because this kind of search "does not explore the relationship of the terms, but rather identifies serials where the selected terms simply both appear," Defendant would still need to review each of the serials identified by the search to determine whether it is responsive to Plaintiff's FOIA request. *Id.* ¶ 8. The declaration estimates that if each serial takes five minutes to review, and a reviewer is paid $25.45 per hour, reviewing the records identified by the Boolean operators and keywords search "would take approximately 154,526 hours and would cost the government over 3.9 million dollars." *Id.* ¶¶ 9–10. "A search using only the term

'mosque' on its own . . . would result in 1,062,851 serials, would take 88,570 hours to review for responsiveness, and cost the government over 2.2 million dollars." *Id.* ¶ 10.

Plaintiff does not contest that the responsiveness reviews corresponding to either Sentinel search would be unduly burdensome. *See generally* Pl.'s Opp'n to Def.'s Item 14 Summ. J. Mot. ("Opp'n"), ECF No. 57. And the court agrees with Defendant that such a search for responsive records would not be reasonable. The declaration is "detailed and nonconclusory" in establishing that fact, and the court sees no reason to depart from the "presumption of good faith" accorded to it. *SafeCard Servs.*, 926 F.2d at 1200 (citation omitted).

Plaintiff raises three other arguments against Defendant's motion, but none succeeds. First, he asserts that the motion lacks a statement of undisputed material facts and therefore violates Local Civil Rule 7(h). Opp'n at 1–2. But the court's prior decision accepted the uncontested statement of facts attached to Defendant's prior motion and directed only that Defendant submit "a declaration or other relevant evidence" before again seeking summary judgment. *Wright*, 2023 WL 6121872, at *1, *7. Second, he contends that the FBI's organization and search of records by serials rather than individual records "inflates search results substantially." Opp'n at 3. But "an agency is required only to make reasonable efforts to find responsive materials; it is not required to reorganize its filing system in response to each FOIA request." *Goland v. Cent. Intel. Agency*, 607 F.2d 339, 370 (D.C. Cir. 1978) (internal footnote omitted); *see also Blakey v. Dep't of Just.*, 549 F. Supp. 362, 366–67 (D.D.C. 1982).

Finally, Plaintiff argues that the FBI should have gone "beyond Sentinel searching to unit databases, paper and manual files, and employee memory in relevant units." Opp'n at 5. But in prior briefing, Defendant's declarant explained that item 14 lacked "descriptors to assist the FBI in locating records concerning a topic as broad as 'mosques' . . . , thereby providing no

reasonable way to search FBI records for this broad topic." Second Decl. of Michael G. Seidel ¶ 44, ECF No. 41-4. The Sentinel keyword searches were "a good faith effort" to demonstrate that Plaintiff's suggested search method would not sufficiently narrow the request. *Id.* As noted above, that is exactly what the voluminous search results show: Even with multiple keywords and Boolean operators to filter potentially responsive records, FBI personnel would still need to review over a million documents. There is every reason to believe that Plaintiff's alternative suggestion—the manual search of other records—would be even more time-consuming and expensive. FOIA does not require that burdensome search here.

## IV.   CONCLUSION

For these reasons, the court will GRANT Defendant's Renewed Motion for Summary Judgment, ECF No. 55. A corresponding order will accompany this Memorandum Opinion.

Date: September 23, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge